

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

August 14, 1946

Honorable T. F. Slack
County Attorney
Reeves County
Pecos, Texas

Dear Mr. Slack:

Opinion No. O-7347
Re: Bond Election in Independent School Districts

We acknowledge receipt of your opinion request of August 7th and quote from your letter as follows:

"Please advise me if Article 2746a applies to an independent school district having fewer scholastics than 500, in a proposed election for the purpose of voting bonds to supplement their school fund.

"Should the official ballot be prepared by the county judge?"

You are respectfully advised that Article 2746a, Vernon's Annotated Civil Statutes, deals with the official ballot for the election of school trustees and has no application to the issuance of bonds by an independent school district. The county judge has no official duty to perform in this type of election.

The governing body of an independent school district is its Board of Trustees. (Article 2758, V.A.C.S.) All elections for taxes and bonds are ordered by the Board of Trustees regardless of scholastic population and all orders authorizing the issuance of bonds and levying taxes are passed by this Board. Before an election is held to determine the proposition of the issuance of bonds, a petition therefor signed by twenty or more, or a majority of those entitled to vote at such an election shall

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. F. Sleek, Page 2

be presented to the District trustees, and that Board shall order the bond election and shall direct the secretary to post the notices. (Article 2785, V.A.C.S.) Such notices must be posted for ten (10) days prior to the date of the election.

The petition, election order, and election notices must distinctly specify the amount of bonds, rate of interest, their maturity dates, and the purpose for which the bonds are to be issued. (Article 2786, V.A.C.S.)

The bonds may be voted and issued for the following purposes: "*** For the purchase, construction, repair or equipment of public free school buildings within the limits of such district and the purchase of the necessary sites therefor ***." (Article 2784a, V.A.C.S.)

The ballots for such election shall have written or printed thereon the words "For the issuance of bonds and the levying of the taxes in payment thereof" and "Against the issuance of the bonds and the levying of the tax in payment thereof". (Article 2786 V.A.C.S.)

The maximum interest rate is 5% per annum; the maximum maturity date is forty (40) years from the date of the bonds (except when the buildings are to be constructed of wood, then the maximum maturity date is twenty (20) years) and the statute provides that such bonds "shall mature in serial annual installments. Such bonds shall be issued in the name of the independent school district and must be signed by the President of the Board of Trustees and counter-signed by the Secretary, and the seal of the district must be affixed to each bond. (Article 2786, V.A.C.S.)

The election for such bonds "shall be held within thirty (30) days after order of election, as fixed in the election order". (Article 2786, V.A.C.S.)

The Board of Trustees shall fix the polling place and appoint the election officers. The returns of the bond election are made by the Board of Trustees and after the proposition to issue the bonds and levying the tax is approved by a majority vote of the qualified electors voting at such election, it is the duty of the Board of Trustees to pass the necessary orders authorizing

Honorable T. F. Sleek, Page 3


the issuance of the bonds and levying of the annual advalorem tax in payment thereof. (Article 2786, V.A.C.C.)

Trusting that this answers your questions, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By: Claud O. Boothman
Assistant

COB:lb